IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERICA DAWN BURNETT<br>Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | : | NO. 25-cv-03634-KMC |

**MEMORANDUM OPINION**

KATAYOUN M. COPELAND
UNITED STATES MAGISTRATE JUDGE September 23, 2026

Plaintiff Erica B. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("Commissioner"), reflected in a May 16, 2025 decision of an Administrative Law Judge ("ALJ"), that she was not disabled for purposes of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). The administrative record ("R.") has been transmitted to the Court. ECF No. 9. For the reasons set forth below, this Court will not disturb the decision below.

## I. PROCEDURAL HISTORY

### A. Initial application and first ALJ decision (ALJ Schwarz)

Plaintiff protectively filed concurrent applications for DIB and SSI on November 18, 2020. She alleged disability due to post-aneurysm side effects, headaches, loss of motor skills, and blurred vision. (R. 74-77.) She initially dated the onset of her disability to August 31, 2019, when she presented to the hospital with stroke-like symptoms. She later amended her onset date to March 4, 2021, which coincided with a psychiatric hospital admission, and asserted that major depressive disorder, anxiety disorder, and PTSD contributed to her disability. (R. 1391.)

The state agency denied her claims initially, as well as on reconsideration, following which

she requested a hearing. (R. 136-97.) On April 13, 2022, ALJ Eric Schwarz presided over a hearing at which Plaintiff and a vocational expert ("VE") testified. (R. 39-70.) The VE identified several occupations found in the national economy and listed in the Dictionary of Occupational Titles ("DOT") that could be performed by someone capable of a limited range of light work. (R. 32.)

Based on his determination of Plaintiff's residual functional capacity ("RFC"), and in light of the VE's testimony, ALJ Schwarz denied Plaintiff's claim in a May 13, 2022 written decision. (R. 21-33.) After the Appeals Council denied Plaintiff's request for review, Plaintiff initiated Civil Action No. 23-1846 in this federal district and filed a supporting brief. The Commissioner moved for remand for further development of the record. Plaintiff did not oppose, and the assigned judge granted the motion and closed the civil action. The Appeals Council then issued an order recognizing that ALJ Schwarz's decision was vacated and remitting the matter to an ALJ for further consideration of Plaintiff's RFC. The Appeals Council also committed the ALJ upon remand to "obtain supplemental evidence from a [VE] to clarify the effect of the assessed limitations on the claimant's occupational base." (R. 1500.)

**B. Remand hearings and decision of ALJ Guard**

The matter was assigned upon remand to ALJ Christine Guard, who convened a telephonic hearing on November 7, 2024, at which both Plaintiff and a new VE, Michelle Bishop, testified. (R. 1416-1460.) After the Agency updated a policy concerning vocational testimony, ALJ Guard convened a further telephonic hearing on April 7, 2025 to take additional testimony from VE Bishop. (R. 1405-15.) On May 16, 2025, ALJ Guard rendered her decision that Plaintiff was not disabled because she could perform jobs that existed in significant numbers in the national economy. (R. 1381-1404.)

Plaintiff exercised her option to forgo Appeals Council review of this decision and instead returned to federal court, initiating this action on July 16, 2025 through a timely-filed complaint.

She subsequently filed her Brief and Statement of Issues in Support of her Request for Review, ECF No. 12 ("Pl. Br."), which the Commissioner opposed in its Response to Request for Review of Plaintiff, ECF No. 13 ("Def. Br."). Plaintiff filed a Reply Brief, ECF No. 14 ("Pl. Reply"), to close the briefing.

## II. LEGAL STANDARDS

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Upon a request for review under 42 U.S.C. § 405(g), the Court reviews the ALJ's factual findings for "substantial evidence" that the claimant was not disabled. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The review of legal questions presented by the Commissioner's final decision, however, is plenary. *Shaudeck v. Commissioner of Social Security Admin*., 181 F.3d 429, 431 (3d Cir. 1999). *See also Poulos*, 474 F.3d at 91 ("We review the ALJ's application of the law de novo[.]").

## III. DECISION UNDER REVIEW: *ALJ Guard's decision of May 16, 2025*

The issue before ALJ Guard upon remand from the Appeals Council was whether Plaintiff was disabled under section 216(i) and 223(d) of the Act from the amended alleged onset date of March 4, 2021 through May 16, 2025, the date of decision. The ALJ employed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) and § 416.920(a). At Step One, she found that Plaintiff had not engaged in substantial gainful activity since the alleged disability

onset date of March 4, 2021. (R. 1387, Finding No. 2.) At Step Two, she found that Plaintiff had several medically-determinable impairments – including bilateral carpal tunnel syndrome; migraines; anterior cerebral artery aneurysm; mood disorder; major depressive disorder; PTSD; anxiety disorder; polysubstance use disorder; and borderline personality traits – that significantly limited her ability to perform basic work activities, qualifying them as "severe" impairments. (R. 1387, Finding No. 3.) At Step Three, she concluded that these severe impairments, whether considered individually or in combination, did not satisfy the severity of any listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 – a finding that Plaintiff does not challenge. (R. 1387-89, Finding No. 4.)

Having determined that Plaintiff did not establish disability at Step Three, the ALJ then proceeded to assess Plaintiff's RFC, which reflects an individual's maximum ability to do physical and mental work activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. §§ 404.1520(e), 404.1545. She found that Plaintiff could perform work at the "light" exertional level, as defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b), "except" for a number of caveats related to environmental conditions, postural requirements, the social demands of the work, and other circumstances. (R. 1389, Finding No. 5.) Pertinent here, the ALJ determined that:

- Plaintiff cannot work in a job that would expose her to "unprotected heights, or open, moving mechanical parts and hazardous machinery" (*id.*);
- Plaintiff can "use judgment to make simple work-related decisions" and "can deal with occasional changes in a routine work setting," as well as "concentrate sufficiently in 2-hour increments" to understand and remember instructions that are "simple" and even "detailed" but not "complex" (*id.*); and
- Plaintiff can tolerate a low level of work pressure, but not work involving multitasking,

exercising significant independent judgment, sharing of job tasks, or jobs such as assembly line work where one's pace of work affects, or is affected by, others (*id.*).

Plaintiff does not challenge the ALJ's RFC finding.

The ALJ then applied this finding at Step Four. The ALJ determined that Plaintiff could not perform past relevant work, as the requirements of her past positions as a hair stylist and a home attendant required either a higher skill level or exertional capacity than her RFC could accommodate. (R. 1395, Finding No. 6.) The ALJ then proceeded to Step Five, at which she was to assess whether Plaintiff was capable of performing any other jobs that exist in significant numbers in the national economy considering Plaintiff's age (as a "younger individual" as of the alleged disability onset date), education (at least high school), the skills acquired from past work, and RFC. The ALJ determined that Plaintiff's non-exertional limitations compromised her ability to perform the full range of light work. She turned to the VE testimony in the record to understand their impact. (R. 1396-97.)

At the November 2024 hearing, VE Bishop testified that three particular jobs at the light exertional level – "Marker," "Router," and "Routing Clerk" – required no skills other than those Plaintiff already possessed and did not exceed the RFC profile propounded by the ALJ in the hypothetical. (R. 1452-54.) At the supplemental hearing held in April 2025, the VE affirmed her prior testimony. (R. 1410-13.)[1] Citing to this testimony, the ALJ concluded that Plaintiff was

[1] VE Bishop also explained that her testimony was informed by: (1) the DOT, which she used to assess the exertional level and specific vocational preparation level for each position; (2) the Bureau of Labor Statistics, which provided the national job numbers for each occupation; and (3) her professional experience, education, and training, which informed her understanding of the impact of a number of other limitations. (R. 1413-14.)

capable of performing jobs and thus was not disabled. (R. 1396-97 & Finding Nos. 10-11.)

## IV. DISCUSSION

Plaintiff contends that ALJ Guard failed to comply with the Appeals Council remand order and that there was a defect in her analysis as to each of the three positions identified by VE Bishop. The Commissioner responds that the ALJ complied with the remand order and reasonably relied upon the VE's testimony as to all three of the positions. The Commissioner also notes that any one of the three positions identified by the VE would satisfy the ALJ's obligation at Step Five, such that Plaintiff cannot demonstrate that the ALJ's decision must be vacated unless she undermines the ALJ's findings as to *each* of the three occupations. Def. Br. at 9 n.2. Plaintiff does not dispute this framing, and we proceed with that understanding.

As set forth below, we agree with the Commissioner that the ALJ's determination at Step Five was supported by substantial evidence. There may be merit to Plaintiff's contention in the first section of her Argument, (Pl. Br. at 5-7), that the ALJ failed to reconcile an apparent conflict between the VE testimony about position #222.587-038 ("Router") with the characteristics of the position that had been identified in the Appeals Council decision. But the ALJ's decision finds the requisite support in the analysis of the other two occupations identified by the VE, which together comprise 284,000 positions in the national economy. We also conclude that, notwithstanding the deficiency referenced above regarding the Router position, ALJ Guard's implementation of the remand order did not constitute reversible error.

We begin with the findings as to the two occupations that support the final decision and then briefly address Plaintiff's concerns regarding the Router position.

### A. The VE's testimony regarding the position of "Marker" (DOT #209.587-034) supported the ALJ's decision; the ALJ did not fail to resolve a conflict between the VE's testimony and the DOT.

At the hearing, VE Bishop testified that someone with the RFC that ALJ Guard attributed to Plaintiff could perform the position found at DOT #209.587-034, "Marker," i.e., one who marks and attaches price tickets to articles of merchandise and to boxes containing merchandise. The DOT description reflects that this position may require the employee to print information on tickets using a ticket-printing machine. DICOT 209.587-034, 1991 WL 671802.

Plaintiff contends that the VE's testimony conflicted with the DOT description of that position and that the ALJ failed to reconcile this conflict before relying on the VE's testimony. (Pl. Br. at 8.) Plaintiff notes that the RFC finding precluded her from work exposing her to open, moving, mechanical parts as well as hazardous machinery. She contends that the ALJ should not have relied on the VE's testimony that someone with her RFC could perform a position that involves the pressing of levers or plungers to fasten tickets to articles of merchandise. (*Id.*) Her opening brief particularly focused on how these tasks allegedly conflicted with the restriction from work involving moving, mechanical parts (*id.*, § 2), while her reply brief initially focused on the restriction from exposure to hazardous machinery. (Pl. Reply at 2-3.)

These arguments have no merit. First, this position would not expose Plaintiff to moving mechanical parts. The DOT entry plainly states: "Moving Mech. Parts: Not Present – Activity or condition does not exist." 1991 WL 671802. *See also* Def. Br. at 7 (noting same). Plaintiff then faults the Commissioner's response for omitting a discussion of the very subtle contention in her opening brief that the VE's testimony also failed to address the restriction from work involving

hazardous machinery. (Pl. Reply at 2-3.) Yet it is sufficiently clear from a review of the DOT description for #209.587-034 that the "Marker" job, which is found in the retail sector, would not expose an employee to any "machinery" that could be considered "hazardous."[2] Therefore, there was no conflict between the DOT and the VE's testimony that the ALJ was required to reconcile. The ALJ was free to use the VE's testimony about this position to support her Step Five finding that there were other occupations that Plaintiff could perform. This argument provides no reason to set aside the ALJ's decision.

**B. The VE's testimony regarding the position of "Routing Clerk" (DOT #222.687-022) supported the ALJ's decision; this occupation does not require use of judgment beyond Plaintiff's RFC.**

Plaintiff also challenges the ALJ's reliance on the "Routing Clerk" position at DOT #222.687-022 as a representative occupation she could perform. She contends that this position would require her to perform beyond her capabilities because it "clearly require[s] the use of judgment to execute tasks with more than one or two steps involving 'detailed' instructions." (Pl. Reply at 3.) She contends that "an unresolved conflict" between the DOT provision and the VE's testimony "is apparent" and that the ALJ failed to reconcile this conflict before relying on this aspect of the VE's testimony. (Pl. Br. at 11.)

The DOT describes Routing Clerk #222.687-022 as follows:

> Sorts bundles, boxes, or lots of articles for delivery: Reads delivery or route numbers marked on articles or delivery slips, or determines

---

[2] Nor does Plaintiff argue that the position involves such exposure. She primarily faults the Commissioner for not responding to this aspect of her brief, which was not included in the section heading in her opening brief but mentioned only in passing in the text. *See* Pl. Reply at 2-3; Pl. Br. at 8.

> locations of addresses indicated on delivery slips, using charts. Places or stacks articles in bins designated according to route, driver, or type. May be designated according to work station as Conveyor Belt Package Sorter (retail trade). May sort sacks of mail and be known as Mail Sorter (r.r. trans.).

DICOT 222.687-022, 1991 WL 672133. The DOT characterizes this position's "reasoning level" as "two," a designation for jobs that require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* When the ALJ posed her hypothetical questions at the hearing, the VE testified that the position at DOT #222.687-022 would not involve fast-paced work but rather "sorting bundles or boxes to prepare for delivery," with no quotas in a particular timeframe. (R. 1454-55.)

Plaintiff contends that because the Routing Clerk position requires the worker to determine locations of addresses indicated on delivery slips by using charts, it "entails the use of judgment beyond making simple work-related decisions." (Pl. Br. at 10, § 3.) *See also id.* at 11 (arguing that a job involving "tasks with more than one or two steps" would require her to follow detailed instructions). She contends that tasks with more than one or two steps involving "detailed instructions" would "clearly require" the use of judgment beyond her RFC. (Pl. Reply at 3.) But Plaintiff's arguments tread into areas of expertise that are reserved for the VE.

The Court sees no discrepancy between the RFC finding and the position requirements, nor a conflict between the VE's vision of this occupation and its requirements as memorialized in the DOT. The DOT listing reflects that a Routing Clerk must have "commonsense understanding to carry out detailed but uninvolved written or oral instructions," 1991 WL 672133, which aligns with the RFC finding that Plaintiff could follow detailed instructions. As to the question of judgment, the DOT description of the "Reasoning" level of this occupation reflects that a Routing Clerk would "deal with problems involving a few concrete variables in or from standardized situations." *Id.* The

ALJ found that Plaintiff can use judgment "to make simple work-related decisions and can deal with occasional changes in a routine work setting." (R. 1389, Finding No. 5.) Even if the position involves "determin[ing] locations of addresses … using charts," it is not apparent, as Plaintiff contends it is, that this work requires greater judgment than that required for "simple work-related decisions," which Plaintiff possesses. Plaintiff's argument as to her ability to perform the occupation of Routing Clerk does not provide a basis to vacate the ALJ's decision.

**C. ALJ Guard's analysis of DOT #222.587-038, which had been cited by ALJ Schwarz previously, did not constitute legal error.**

Our analysis above, of two of the three positions identified by the ALJ, provides sufficient support for the ALJ's Step Five finding that Plaintiff is not disabled. But Plaintiff alleges, with respect to the ALJ's analysis of the remaining position, "Router," DOT #222.587-038, that remand is separately required because ALJ Guard "effectively ignored agency instructions" and her decision "fails to comply with the Appeals Council's remand order" that followed from the prior federal court action. (Pl. Br. at 5.) Plaintiff suggests that the Appeals Council order precluded the ALJ upon remand from "relying on" the position found at DOT #222.587-038 and that ALJ Guard thus "failed to comply with" the Appeals Council order when she cited this position in her decision. (*Id.*)

We are satisfied that ALJ Guard, who was not the author of the prior decision that warranted remand, endeavored to faithfully implement the Appeals Council's instructions, which were to re-evaluate Plaintiff's RFC, obtain evidence from a VE, and issue a new decision. ALJ Guard appears to have mistakenly believed that the VE's testimony supported a finding that Plaintiff could perform this occupation. *See* R. 1454 (questioning VE Bishop about both "the routing clerk from the prior decision" and "this routing clerk position" that the VE was discussing). A close reading of the hearing transcript seems to confirm that the VE's testimony did not support a finding that Plaintiff could perform this occupation but was limited to a different position. Thus, the ALJ was not

permitted to rely upon this occupation in support of her Step Five finding. But her questions at the hearing and the discussion in her decision show no hesitation to obey the Appeals Council directive. The ALJ did not violate any regulations as Plaintiff alleges.

## V. CONCLUSION

This Court finds no basis to reverse under sentence four of 42 U.S.C. § 405(g), as the final decision of the Commissioner is supported by substantial evidence. The ALJ relied on VE testimony that Plaintiff could perform the occupations of "Marker" and "Routing Clerk," with sufficient positions found in the national economy to justify the conclusion that Plaintiff was not disabled. The ALJ complied with the Appeals Council remand order to "give further consideration to the claimant's maximum [RFC]" and to "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base[.]" (R. 1500.) Nothing about ALJ Guard's post-remand adjudication reflects noncompliance with any applicable order as to require her decision to be vacated.

The request for review will be denied. An appropriate order will follow.